IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00493-KDB-DCK

| | |
|---|---|
| OPTO ELECTRONICS CO., LTD., <br><br>**Plaintiff,**<br><br>v.<br><br>HONEYWELL NTERNATIONAL INC.; HAND HELD PRODUCTS, INC. AND METROLOGIC INSTRUMENTS, INC.,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff OPTO Electronics Co. Ltd.'s Motion for Judgment on the Pleadings. (Doc. No. 28). The Court has carefully considered this motion, the parties' briefs in support and in opposition to the motion and oral argument on the motion from the parties' counsel on September 11, 2024.

This dispute is another chapter in the many years long patent infringement / settlement agreement dispute between OPTO and Defendants (collectively, "Honeywell"). In this latest turn, OPTO seeks a declaratory judgment that Honeywell is not entitled to recover the attorneys' fees it incurred in defending against OPTO's patent misuse counterclaim in earlier litigation as damages for an alleged breach of the parties' settlement agreement in which OPTO agreed not to challenge, *inter alia*, Honeywell's efforts to enforce the relevant patents. Primarily, OPTO contends that because Honeywell already sought unsuccessfully to recover the same attorneys' fees based on the same contract at the prior trial, Honeywell's claims are barred by the doctrine of res judicata. OPTO also alleges that to the extent the claims escape claim preclusion, Honeywell cannot pursue the

1

claims now because they were "compulsory counterclaims" to OPTO's patent misuse claims. In response, Honeywell filed a counterclaim affirmatively asserting the contract claims and seeking the attorney fee damages on which OPTO seeks the declaratory judgement. Now before the Court is OPTO's motion for judgment on the pleadings, asking the Court to decide the case based on dispositive legal issues.

For the reasons discussed below, the Court will **GRANT t**he motion on res judicata grounds. The question of whether Honeywell is entitled to recover its attorneys' fees with respect to defending OPTO's patent misuse counterclaim was fully and fairly contested in the earlier litigation. Honeywell had the opportunity to raise the contract breach arguments it now asserts and in fact did so through an affirmative defense. The decision not to assert a separate counterclaim requesting "damages" based on separate provisions in the same contract was its own. Therefore, the Court has considered and ruled on this attorneys' fees dispute, and Honeywell is not entitled to a second bite at the same apple. Further, the Court finds that independent of res judicata, Honeywell's contract breach claims that relate solely and directly to the filing of OPTO's patent misuse claims were compulsory counterclaims in the earlier action that preclude their filing in this action. Accordingly, judgment will be granted in favor of OPTO.

I. **LEGAL STANDARD**

OPTO moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Rule12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *See In re Lowe's Companies, Inc. Fair Lab. Standards Act & Wage & Hour Litig.*, 517 F. Supp. 3d 484, 492–93 (W.D.N.C. 2021) (quoting *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002)). A motion for judgment on the pleadings is governed by the standard applicable to a motion

to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); *Shipp v. Goldade*, No. 5:19-CV-00085-KDB-DCK, 2020 WL 1429248, at *1 (W.D.N.C. Mar. 19, 2020).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether a pleading is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a pleading's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). In this context, that means that the Court must decide if, taking the facts alleged by Honeywell as true and construing them in the light most favorable to Honeywell, OPTO is entitled to judgment as a matter of law. As discussed below, the relevant facts related to the prior litigation and the parties' contract are not disputed as they relate to res judicata and the other legal issues raised in the motion. Thus, in practical effect, the disposition of this motion will simply turn on the application of an agreed set of facts to various issues of law.

## II. **FACTS**

The Court is quite familiar with the relevant facts. In 2019, Honeywell filed lawsuits against OPTO alleging that it had unlawfully used Honeywell's patents in the U.S. and other countries. The parties ultimately settled those lawsuits in a written settlement agreement in which OPTO agreed to compensate Honeywell for a license to Honeywell's intellectual property as well as pay

royalties on the sale of certain products. OPTO also agreed in the settlement agreement not to challenge "the validity, scope or enforceability of any of [HONEYWELL's] patents" or "[HONEYWELL's] efforts to enforce [its] patents as constituting anticompetitive behavior, unfair competition, or violations of the law . . . ." (*See* Doc. No. 1, Ex. A at 5.3). Section 9.9 of the Agreement, entitled "No Admission," states in part: "Nothing contained herein is or is to be construed as an admission or evidence of liability, including an admission of . . . enforceability . . . or of anticompetitive or unfair competition conduct, on the part of either Party." (*Id.* at 9.9).

The parties eventually fell into a dispute about the products subject to the royalty, specifically the scope and meaning of "2D Barcode Products" as that term is defined by § 1.4 of the Agreement. In September 2021, Honeywell filed an action against OPTO in this Court - *Honeywell International Inc. et. al v. OPTO Electronics Co., LTD.*, 3:21-cv-00506 (the "Primary Case"). The Primary Case Complaint alleged that OPTO breached two provisions of the Agreement – the royalty payment requirements under §§ 4.3 and 5.1 related to OPTO's past and ongoing 2D Barcode Product sales – and sought related monetary damages. Honeywell's Complaint also demanded that OPTO pay Honeywell's "fees and costs" pursuant to § 4.7 of the Agreement.

OPTO responded to the Complaint with its Answer, Affirmative Defenses, and Counterclaims ("Answer"), denying Honeywell's allegations that OPTO breached §§ 4.3 and 5.1 of the Agreement. In addition to other defenses and counterclaims, OPTO's Answer asserted an affirmative defense and counterclaim of patent misuse against Honeywell. Specifically, OPTO alleged that Honeywell's demand for royalties on OPTO's 1D Barcode Products, which OPTO contended were immune from royalties and suit under the Agreement's covenant not to sue, "unlawfully [extended] the reach of the licensed patents." In its Reply to OPTO's counterclaims, Honeywell asserted a number of affirmative defenses, including that "OPTO's claims against

Honeywell are barred by the terms of the Settlement Agreement." *Id.* at 10. However, Honeywell did not assert a counterclaim alleging that OPTO's assertion of its patent misuse counterclaim was itself a breach of any other provision of the Agreement and did not seek to amend that pleading during the Primary Case.

The case proceeded through extensive discovery and in an April 2023 Summary Judgment Order, this Court dismissed the claim pleaded in Honeywell's Complaint that OPTO breached § 5.1 based on the results of Honeywell's audit, holding that the claim was not timely filed in accordance with the terms of the Agreement. *Honeywell Int'l Inc. et al. v. OPTO Elecs. Co. Ltd.*, No. 3:21-cv-506, 2023 WL 3029264, at *1 (W.D.N.C. Apr. 20, 2023). In a June 2023 Order denying Honeywell's Motion for Reconsideration of the Court's Summary Judgment ruling, this Court also rejected Honeywell's claim that OPTO generally breached § 5.1's representation and warranty. *Honeywell Int'l Inc. et al. v. OPTO Elecs. Co., Ltd.*, 3:21-cv-506, 2023 WL 2802003, at *1 (W.D.N.C. June 2, 2023). The Court ruled that "Honeywell did not . . . assert a separate, different claim for breach of contract untethered to the Agreement's audit provisions[.]" *Id.* at *3, n.4. Then, despite the Court's ruling, Honeywell sought to present to the jury claims that OPTO breached §§ 3.1, 5.3, and 9.9 of the Agreement by asserting its patent misuse defense and counterclaim. Granting OPTO's pretrial motion in limine, the Court refused to permit Honeywell to make those claims part of the trial. The Court explained, "The Court previously limited Honeywell's [§ 5.1 claims] to those pled in the Complaint . . . and will do so again here."

In July 2023, this Court conducted both a jury trial on Honeywell's § 4.3 breach of contract claim and a bench trial on OPTO's patent misuse counterclaim. The jury returned a verdict in favor of Honeywell, and this Court ruled against OPTO in the bench trial. Following trial, Honeywell

moved to recover over $2 million of attorneys' fees and costs pursuant to § 4.7 of the Agreement. The amount sought by Honeywell included its attorneys' fees and costs incurred in defending against OPTO's patent misuse counterclaim. The Court denied Honeywell's motion for attorneys' fees based on the "American rule" that each party must pay its own attorneys' fees in the absence of a clear contractual agreement to shift attorneys' fees, which the Court concluded did not exist. *See Honeywell Int'l Inc. v. Opto Elecs. Co.*, 3:21-cv-506, 2023 WL 6367671, at *8 (W.D.N.C. Sept. 27, 2023). Honeywell and OPTO appealed several of the Court's rulings to the United States Court of Appeals for the Fourth Circuit. Among other issues, Honeywell appealed this Court's denial of its motion for attorneys' fees and costs and the dismissal of its § 5.1 general breach claim. Honeywell did not separately appeal any of the Court's rulings related to §§ 5.3 and 9.9.

Soon after the appeal, Honeywell's in-house counsel sent a letter addressed to OPTO, giving "official notice" of Honeywell's claims under §§ 3.3, 5.3 and 9.9 pursuant to § 9.8 of the Agreement, which allows the noticing party to file suit on the noticed claims "[i]f agreement is not reached within thirty (30) days after notice." Specifically, the letter alleged that Honeywell incurred $759,201 in attorneys' fees and $230,541 in costs to defend against OPTO's patent misuse defense and counterclaim and further demanded that OPTO reimburse Honeywell for that amount. OPTO refused to pay the amount requested based on its position that Honeywell's demand for attorneys' fees and costs had already been resolved in the Primary Case. Honeywell in turn threatened litigation and, after more posturing letters back and forth, OPTO filed this declaratory judgment action seeking to obtain a declaration that Honeywell's claims are barred as a matter of law.

III.  **DISCUSSION**

A. Res Judicata

"The preclusive effect of a federal-court judgment is determined by federal common law." *In re Muhs*, 923 F.3d 377, 385 (4th Cir. 2019) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). When a federal court exercises diversity jurisdiction over a state law claim, the federal rule "is to apply 'the law that would be applied by state courts in the State in which the federal diversity court sits' as long as the state rule is not 'incompatible with federal interests.'" *Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019) (quoting *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001)). Because this North Carolina Federal Court exercised diversity jurisdiction over the Primary Case, North Carolina state law applies to OPTOP's res judicata challenge.

"Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Williams v. Peabody*, 217 N.C. App. 1, 5 (2011) (quoting *Whitacre P'ship v. Biosignia, Inc.,* 358 N.C. 1, 15 (2004)). "For res judicata to apply, a party must show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both the party asserting res judicata and the party against whom res judicata is asserted were either parties or stand in privity with parties." *State ex rel. Tucker v. Frinzi,* 344 N.C. 411, 413-14 (1996) (quotation and citation omitted). Here, there is no question that both OPTO and Honeywell were parties in the Primary Case and that the Court's earlier ruling on attorneys' fees was a final judgment on the merits (that Honeywell has appealed as such). Accordingly, the issue becomes whether "the same cause of action" was involved.

Under North Carolina law, res judicata or claim preclusion "prevents the relitigation of all matters that were or should have been adjudicated in the prior action . . . but it does not

7

preclude a second action based on claims not raised by or properly predicated upon the pleadings in the first lawsuit." *Gift Surplus, LLC v. N. Carolina ex rel. Cooper*, 605 F. Supp. 3d 711, 723 (M.D.N.C. 2022) (quoting *Whitacre P'ship,* 358 N.C. at 15 and citing *Intersal, Inc. v. Hamilton*, 373 N.C. 89, 108-109 (2019)). OPTO contends that res judicata applies to Honeywell's "breach claims" in this case because it seeks to recover under the same contract the same attorneys' fees that it already sought without success in the Primary Case.

In support, OPTO cites *Associated Financial Corp. v. Kleckner*, No. 09 Civ. 3895, 2010 WL 3024746, at *4 (S.D.N.Y. Aug. 3, 2010), *aff'd* 480 F. App'x 89 (2d Cir. 2012).[1] Like this case, *Kleckner* concerned an alleged breach of a settlement agreement. In the first *Kleckner* action, the prevailing "AFC Parties" unsuccessfully requested attorneys' fees under a provision of the settlement agreement awarding attorney's fees to the prevailing party. *Id.* at *2. The AFC Parties then filed a lawsuit in federal court seeking the same attorneys' fees as damages for alleged breach of the settlement agreement's covenant not to sue. *Id.* The district court found that the request for attorneys'-fees-as-damages was barred by res judicata: "The damages the plaintiffs seek are plainly the attorneys' fees they incurred defending the [first] action, which are the same fees the AFC Parties sought in their motion that was denied." *Id.* at 4. And "[t]he fact

---

[1] Honeywell asks the Court to distinguish *Kleckner* on the grounds that it was decided under New York law, but has failed to specifically articulate how the law of the two states differ such that there would be a different result under North Carolina law (other than to characterize North Carolina's approach to res judicata as "cautious" and "more narrow[]"). The Court disagrees. *Kleckner* relied on a principle familiar to North Carolina law, which is that a party may not "bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory." 2010 WL 3024746, at *3; *accord Williams*, 217 N.C. App. at 7 (res judicata "may not be avoided by shifting legal theories or asserting a new or different ground for relief"). So under either state's law, "[t]he fact that [Honeywell] no longer explicitly assert[s] [§ 4.7 of the Agreement] as a basis for these fees, but rather seek[s] the fees under different theories, does not exempt [its] claims from the bar of res judicata." *Kleckner*, 2010 WL 3024746, at *4.

that the plaintiffs no longer explicitly assert [the settlement agreement's attorneys' fee-shifting provision] as a basis for these fees, but rather seek the fees under different theories, does not exempt their claims from the bar of res judicata." *Id.* The Second Circuit affirmed. 480 F. App'x 89, 91 (2012) (agreeing that the first action "precludes Plaintiffs' attempt to recoup the attorneys' fees in the form of damages" in the second action).

The Court finds *Kleckner* persuasive. In substance, Honeywell asks the Court to conclude that an action seeking attorneys' fees incurred in defense of a claim based on one contractual provision in a contract is somehow meaningfully different from an action seeking the *same* attorneys' fees based solely on the filing of the *same* claim because the second action is purportedly based on another contractual provision in the *same* contract. It is not. As explained in *Kleckner*, merely changing the legal theory underlying the same cause of action (here, seeking to recover the attorneys' fees incurred as the result of OPTO's filing a patent misuse counterclaim) does not entitle Honeywell to another bite at the proverbial apple. *Williams v. Peabody*, 217 N.C. App. 1, 7 (2011) (cleaned up) (Res judicata "may not be avoided by shifting legal theories or asserting a new or different ground for relief."). Honeywell has cited no case on similar facts to the contrary (i.e. where a party has been permitted to relitigate the same claim for attorneys' fees under an allegedly different legal theory).

Again, if Honeywell had wanted to assert in the Primary Case its supposedly "new" legal theories as additional affirmative claims (as well as a defense), it could have done so. But, having already had a full and fair opportunity to litigate its claim for the attorneys' fees, Honeywell is barred by res judicata from doing so for a second time in this action. *See Perryman v. Town of Summerfield*, 899 S.E.2d 884, 893 (N.C. App. 2024) (quoting *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 428 (1986)) ("'All matters, either fact or law, that were or should have

been adjudicated in the prior action are deemed concluded.'"); *Bear v. Exotic Imports, Inc.*, 207 N.C. App. 525, at *1 (2010) (unpublished) (Holding that "[t]he doctrine of *res judicata* is intended to force parties to join all matters which might or should have been pleaded in one action" and concluding that "[b]ecause plaintiff raised the [relevant] issue . . . in the prior litigation and failed to appeal that trial court's [evidentiary] determination, plaintiff's current claim for [the same damages] is barred by *res judicata*.").[2]

B. Compulsory Counterclaim

In addition to its res judicata argument,[3] OPTO argues that it should prevail because Honeywell's contract claims asserted in this case were unasserted "compulsory counterclaims" in the Primary Case. *See Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1 (1974) ("A counterclaim which is compulsory but is not brought is thereafter barred."). Pursuant to Federal Rule of Civil Procedure 13, a party must file a counterclaim that "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim" and does not require adding another party over whom there would be no jurisdiction. Fed. R. Civ. P. 13(a)(1). The Fourth Circuit has identified four questions to assist in determining whether a counterclaim is compulsory:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence

---

[2] Similarly, in the Primary Case, Honeywell unsuccessfully sought to present a separate contract claim under § 5.3 to the jury and did not appeal that evidentiary ruling.
[3] OPTO also argues that the Court already "dismissed" Honeywell's §§ 5.3 and 9.9 claims when it declined to allow those claims to be presented to the jury. However, at oral argument OPTO conceded that the Court's ruling that the claims had not been adequately pled was not in fact a "dismissal" of those claims. Therefore, the Court does not rely on that ground in granting OPTO's motion.

10

support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

*Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988). However, "[a] court need not answer all these questions in the affirmative for the counterclaim to be compulsory . . . [r]ather, the tests are less a litmus, more a guideline." *Id.* In fact, "[a] counterclaim may still arise from the same 'transaction or occurrence'[ ] as a logically related claim even though the evidence needed to prove the opposing claims may be quite different." *Id.* at 332; *see Charlotte-Mecklenburg Cnty. Bd. of Educ. v. Brady*, 66 F.4th 205, 215 (4th Cir. 2023); *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 219 (4th Cir. 2006).

To consider the most obvious questions first, the Court has already held above that res judicata would bar a suit on Honeywell's counterclaim. Also, Honeywell concedes, as it must, that there is a "logical relationship" between the two claims because "Honeywell's Breach Claims arose as a direct result of OPTO *asserting* its patent misuse claim." *See* Doc. No. 35 at 27 (emphasis in original). In fact, although Honeywell seeks to minimize this factor, there is not only a "logical relationship" between the two claims, the second is entirely dependent on the first in that the filing of one claim gave rise to the other.

The remaining two questions relate to the overlap between the law, facts and evidence applicable to the two claims. In its argument, Honeywell emphasizes different elements and evidence with respect to the two causes of action. However, beyond the rule that, as noted above, such differences are not determinative, Honeywell ignores the practical substance of these claims. While OPTO's patent misuse claims are, of course, subject to different elements than a claim for breach of contract, as explained above the alleged patent misuse arises from OPTO's contentions with respect to the contract, which Honeywell contends has been breached by the assertions of

11

those very contentions. Thus, the interpretation of the royalty provisions of the contract and the parties' related conduct is at issue with respect to both Honeywell's and OPTO's claims. *See DEI Headquarters v. Omega Research & Development Inc.*, 2007 WL 951122, at *2 (S.D. Cal. Mar. 6, 2007) (breach of contract claim based on filing a patent infringement action was a compulsory counterclaim in the original action); *Cook v. SCI Maryland Funeral Servs. Inc.*, 2016 WL 890298, at *4 (D. Md. Mar. 9, 2016) (holding breach of contract claim related to breach of covenant not to sue was compulsory counterclaim).

Further, Honeywell ignores the import of its own actions and admissions. First, Honeywell generally pled the contract claims it now seeks to assert as an affirmative defense to OPTO's counterclaim, at a minimum suggesting that they arise from the same transaction or occurrence. Also, Honeywell has argued elsewhere and conceded at oral argument that OPTO's patent misuse claim was itself a compulsory counterclaim to Honeywell's claims for royalty payments. *See Honeywell Int'l Inc. v. OPTO Elecs. Co., Ltd.*, 2024 WL 1508292, at *1. Having thus admitted that OPTO's claim for patent misuse based on Honeywell's claim of breach of contract was compulsory then the converse should be similarly true. In both instances one claim arises directly out of the other even though the elements and proof for patent misuse differ from breach of contract. Accordingly, the law, facts and evidence with respect to the two claims overlap sufficiently to support the conclusion that Honeywell's contract claims were compulsory counterclaims under Rule 13 and cannot now be asserted in a second action.[4]

---

[4] Honeywell also argues that even if the claims it had at the time OPTO filed its patent misuse counterclaim were compulsory counterclaims, it may assert in this action the same claims based on "new" breaches of the Agreement, which it describes as the additional times OPTO has raised the same patent misuse arguments. However, as Honeywell acknowledges, its claims of breach of contract accrued when OPTO first filed its patent misuse counterclaims. While later instances of the same breach may increase potential damages, they all stem from the same breach and do not

12

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 28) is **GRANTED;**

2. A Declaratory Judgement is granted to OPTO as requested in its Complaint; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 13, 2024

Kenneth D. Bell
United States District Judge

---

allow Honeywell to avoid the strictures of Rule 13. *See ISN Software Corp.*, 226 A.3d at 735 (Del. 2020) ("Under the Delaware occurrence rule, injury is distinct from damages.")